UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                                                Case No. 25-46693-TJT

Ashmark Construction, LLC,                          Chapter 11, Subchapter V

   Debtor.                                                        Hon. Thomas J. Tucker

_____/

## SUBCHAPTER V STATUS CONFERENCE REPORT

Ashmark Construction, LLC, debtor and debtor-in-possession in the above captioned case ("Debtor" or "Ashmark"), by and through its attorneys, files this Subchapter V Status Conference Report (the "Status Report"), pursuant to section 1188(c) of Title 11, United States Code, § 101 et seq. (the "Bankruptcy Code"), to detail the Debtor's background, the prepetition events that precipitated its bankruptcy filing, and Debtor's preliminary plan to successfully exit bankruptcy as a profitable operating entity. In support, the Debtor respectfully states as follows:

Ashmark is a Michigan limited liability company formed for the purpose of providing construction project management services for the build-out of commercial properties with a primary focus on retail locations and professional office space. Ashmark's revenue is derived from fees it charges to customers for its construction project-management services net of subcontractor costs. Other than its operating cash, Ashmark has minimal assets to perform its services for clients and

its value as a business is primarily held in its customer goodwill.

Ashmark is comprised of three full-time employees, one of whom is a member of Ashmark, and three members: the Ashley J. Israel Revocable Living Trust (the "Israel Trust"), the Marc S. Weinbaum Revocable Living Trust (the "Weinbaum Trust"), and Martin Renel ("Renel"). Renel is Ashmark's managing member ("Manager"), he is the responsible person for the Debtor and his is the only member who is also employed by Ashmark. The membership of Ashmark is made up of two classes: Class A, comprised of its members – the Israel Trust (33.33%), the Weinbaum Trust (33.34%), and Renel (28.33%); and Class B, comprised of its Manager – Renel (5%).

For over 20 years, Ashmark has been a successful and profitable company, and up until the recent legal disputes described herein, it operated its business free from controversy other than its own customer collection matters. Ashmark sought bankruptcy protection under Chapter 11, Subchapter V of the Bankruptcy Code in the wake of two litigation matters: (1) a state court judgment (the "Pennington Judgment")[1] in favor of its former customer, Richard Pennington ("Pennington");

---

[1] The Pennington Judgment was entered on June 13, 2025 in the State of Michigan, Oakland County Circuit Court Case No. 2023-198433-CZ.

and (2) pending arbitration litigation with M1 Concourse, LLC ("M1").[2]

The Pennington Judgment arose from a construction project for which Pennington contracted with Ashmark to complete a custom build-out of a car condominium unit at M1 (the "Project"). During the Project, various disagreements arose between Pennington and Ashmark regarding the scope and cost of the Project. Following a bench trial, judgment was entered against Ashmark and in Pennington's favor in the principal amount of $256,258.06 for amounts the court held were damages for Pennington's overpayment on the Project plus interest on the overpayments.

The M1 litigation arose from a dispute over the terms of a Master Subcontract Agreement (the "Agreement") related to developer fees that M1 alleges Ashmark owes for construction project management services Ashmark performed for certain M1 car condominium owners. Ashmark has asserted counter-claims against M1 on unjust enrichment grounds for overpayment of developer fees on its mistaken belief that the Agreement was enforceable and in particular related to Ashmark's payments to M1 that were made after the Agreement would have expired under its terms if it ever were in effect. M1 has claimed damages against Ashmark in the amount of $283,593.93 and Ashmark has claimed damages against M1 in the

---

[2] The M1 Concourse is an 87-acre motorsports venue that also houses private "car condos" for vehicle storage in temperature-controlled spaces that include car-lifts, and include kitchenettes, full bathrooms, and other accommodations.

amount of $276,056.38.

Ashmark has sought bankruptcy protections because it does not now, nor did it have prepetition, sufficient cash or assets on hand to satisfy the Pennington Judgment and to continue to operate its business without material interruption. Ashmark determined its only options to resolving the Pennington Judgment were to file for bankruptcy protection or go out of business upon Pennington's enforcement of his judgment remedies e.g. bank account garnishments. A bank garnishment posed serious risk of wiping out all of Ashmark's operating cash and would expose its customers to the risk that, at any time, customer deposits intended for payment of subcontracted construction services could be swept for a garnishment, which would have deepened Ashmark's insolvency. Rather than face that risk, Ashmark intends to formulate a repayment plan that will allow it to continue its operations in a responsible way while resolving the Pennington Judgment and the M1 litigation.

Debtor is now in the early stages of negotiations with Pennington and has agreed to provide Pennington certain financial records so that he can independently assess Ashmark's financial condition. Ashmark requested and received from Pennington an estimated claim calculation in order to consider various settlement payment options either through a Subchapter V plan of reorganization or an out-of-court installment payment arrangement and voluntary dismissal of the bankruptcy case.

Whether a non-bankruptcy court solution is possible also depends on Debtor's ability to resolve its dispute with M1 in a similar out-of-court arrangement. To that end, Debtor is also working with its special counsel, Mark D. Evans,[3] to determine a strategy to resolve claims between M1 and Ashmark. Ashmark, through Special Counsel, has contacted M1 to discuss settlement options.

Debtor is developing its financial projections for the formulation of a Chapter 11 plan of reorganization and will rely on those projections to resolve of the Pennington Judgment and the M1 litigation through settlement terms or the plan confirmation process. In the event that out-of-court resolutions are not achievable with both M1 and Pennington, Debtor expects that it will be successful in achieving plan confirmation pursuant to section 1191(a) or (b) of the Bankruptcy Code.

Respectfully submitted by,

**TAFT STETTINIUS & HOLLISTER, LLP**

Dated: August 13, 2025

By: */s/ Kimberly Ross Clayson*
Kimberly Ross Clayson (P69804)
Anthony M. Cimini (P86223)
27777 Franklin Road, Suite 2500
Southfield, Michigan 49034
(248) 351-3000
kclayson@taftlaw.com
acimini@taftlaw.com

---

[3] Employment of Mark D. Evans as special counsel ("Special Counsel") was approved by the Court on August 8, 2025 [ECF No. 41].

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

In re:  Case No. 25-46693-TJT

Ashmark Construction, LLC,  Chapter 11, Subchapter V

Debtor.  Hon. Thomas J. Tucker

_____/

## CERTIFICATE OF SERVICE

I hereby certify that on August 13, 2025, my office caused to be served a copy of the *Subchapter V Status Conference Report* and this *Certificate of Service* as follows:

1. using the Court's electronic filing system which will send notice to Richardo Kilpatrick, Subchapter V Trustee; the Office of the United States Trustee and all parties in interest who are ECF participants registered to receive notice; and

2. by first class mail, postage prepaid to:

   M1 Concourse, LLC
   45339 Woodward Avenue
   Pontiac, MI 48341

Respectfully submitted by,
**TAFT STETTINIUS & HOLLISTER, LLP**

Dated: August 13, 2025   By: */s/ Kimberly Ross Clayson*
Kimberly Ross Clayson (P69804)
Anthony M. Cimini (P86223)
27777 Franklin Road, Suite 2500
Southfield, Michigan 49034
(248) 351-3000
kclayson@taftlaw.com
acimini@taftlaw.com