UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                                                    Case No. 25-46693

ASHMARK CONSTRUCTION, LLC,                               Chapter 11

                Debtor.                                              Judge Thomas J. Tucker

_____/

# ORDER DENYING THE DEBTOR'S MOTION TO EXTEND TIME FOR DEBTOR TO ASSUME OR REJECT UNEXPIRED LEASE OF NONRESIDENTIAL REAL PROPERTY

This case is before the Court on the Debtor's motion filed on October 22, 2025, entitled "Motion for Entry of Order Extending Time for Debtor to Assume or Reject an Unexpired Lease of Nonresidential Real Property" (Docket # 52, the "Motion"). The Motion seeks an extension of the Debtor's deadline under 11 U.S.C. § 365(d)(4)(A) to assume or reject a nonresidential real property lease.[1] The Court will deny the Motion, because it is untimely.

---

[1] Bankruptcy Code Section 365(d)(4)(A) states:

> (4)(A) Subject to subparagraph (B), an unexpired lease of nonresidential real property under which the debtor is the lessee shall be deemed rejected, and the trustee shall immediately surrender that nonresidential real property to the lessor, if the trustee does not assume or reject the unexpired lease by the earlier of--
>
> (i) the date that is 120 days after the date of the order for relief; or
>
> (ii) the date of the entry of an order confirming a plan.

11 U.S.C. § 365(d)(4)(A). Under 11 U.S.C. § 365(d)(4)(B)(i), the § 365(d)(4)(A) deadline can only be extended by an order that is entered **before** the deadline expires. *See, e.g.*, 3 Collier on Bankruptcy ¶ 365.05[3][b] (footnotes omitted) ("The court may extend the 120-day deadline . . . only before the expiration of the deadline . . . . It is now clear that any order extending the initial 120-day period must be entered before the expiration of the deadline.") In this case, the 120-day deadline expires at the end of the day on October 28, 2025. (The Motion incorrectly states that the § 365(d)(4)(A) deadline expires on October 22, 2025. (*See* Mot. at 3 ¶ 11.))

The Motion is untimely because it does not meet either of the relevant deadlines stated in the Court's July 16, 2025 Scheduling Order.[2] The Scheduling Order states, in relevant part:

> The deadline to file a motion to extend the time to file a motion to assume or reject a lease under 11 U.S.C. § 365(d)(4) is **September 24, 2025.** Counsel for the Debtor must consult with the courtroom deputy to assure that such a motion is set for hearing on or before **October 22, 2025.**[3]

The Motion was not filed until October 22, 2025, almost a month after the deadline for such a motion, and the Motion obviously was filed at a time when it was impossible for the Court to set it for a hearing on or before October 22, 2025. The Motion does not mention these deadlines, and alleges no reason, let alone a valid excuse, why the Debtor did not meet and could not have met these deadlines. There is no reason apparent to the Court why the Debtor could not have met these deadlines.

Because the Motion is untimely, the Court will deny it.[4]

In addition, the Court notes that the Motion makes certain incorrect statements about the Debtor's plan, which was filed on September 29, 2025.[5] The Motion states, in relevant part, that "[t]he Plan is pending the court's preliminary approval for serving the same together with

---

[2] "Order Establishing Deadlines and Procedures in the Case of a Small Business Debtor Who Has Elected to Have Subchapter V of Chapter 11 Apply," filed on July 16, 2025 (Docket # 29, the "Scheduling Order").

[3] Scheduling Order at 2-3 ¶ 1(l) (bold in original).

[4] Although the Court is denying the Motion, as untimely, the Court may be willing to enter an order extending the § 365(d)(4)(A) deadline, *if* the Debtor and the lessor file a stipulation to extend the deadline, and submit a proposed stipulated order to extend it, all in time so that the order can be entered no later than October 28, 2025. It appears that such a stipulation may be possible, based on what the Motion says about the Debtor's relationship with the lessor. (*See* Mot. at 3 ¶ 13, 4 ¶ 17).

[5] Docket # 49.

ballots" and that "without preliminary approval of the Plan, the Debtor has not been authorized by the Court to serve the Plan on its creditors and parties in interest to solicit votes in favor of the Plan."[6] These statements are ***not*** correct. This is a Subchapter V case, in which 11 U.S.C. § 1125 does not apply.[7] There is no disclosure statement, and no requirement of a disclosure statement, and there is no preliminary or final approval that must be given to a disclosure statement before the Debtor may solicit votes on its plan. And the Scheduling Order required the Debtor to serve its plan and ballots on creditors and other parties in interest "[i]mmediately after filing the plan."[8] The Debtor filed its plan on September 29, 2025, so the Debtor was required to "immediately" serve the plan and ballots at that time. Apparently, the Debtor failed to do this, and still has not done it.

For the reasons stated above,

IT IS ORDERED that the Motion (Docket # 52) is denied.

**Signed on October 23, 2025**



/s/ Thomas J. Tucker
**Thomas J. Tucker**
**United States Bankruptcy Judge**

---

[6] Mot. at 2 ¶¶ 6-7.

[7] *See* 11 U.S.C. § 1181(b), which states, among other things, that "[u]nless the Court for cause orders otherwise," 11 U.S.C. § 1125 (which requires a disclosure statement and approval thereof) does not apply in a subchapter V case. In this subchapter V case, the Court has not "order[ed] otherwise."

[8] Scheduling Order (Docket # 29) at 2 ¶ 1(d).