UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:  Case No. 25-46693-tjt

Ashmark Construction, LLC,  Chapter 11, Subchapter V

Debtor.  Hon. Thomas J. Tucker

_____/

## DEBTOR'S MOTION TO DISMISS CHAPTER 11 CASE

Ashmark Construction, LLC ("Debtor") through its undersigned counsel, for its Motion to Dismiss Chapter ("Motion"), states:

## JURISDICTION AND BACKGROUND

1. On June 30, 2025 (the "Petition Date"), Debtor commenced a voluntary case under chapter 11, subchapter V of title 11 of the United States Code (the "Bankruptcy Code").

2. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334.

3. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b).

4. Venue of this proceeding and the Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

1

5. Debtor is a construction management company, who provides its customers construction management services for commercial real estate construction projects in Southeast Michigan.

6. Martin Renel is the Debtor's manager and responsible person in this Bankruptcy Case.

7. Debtor filed its plan under chapter 11, subchapter V of the Bankruptcy Code on September 29, 2025 [Doc 49].

8. On October 23, 2025, Creditor, Richard A. Penington ("Mr. Penington") timely filed his objection to confirmation of the Plan [Doc 60] (the "Objection").

9. On November 19, 2025, Penington filed a motion to convert Debtor's proceeding to a case under chapter 7 [Doc 74] (the "Conversion Motion") which is scheduled to be heard on February 4, 2026, which is the date set for the Debtor's confirmation hearing of a further amended plan.

10. Notwithstanding Debtor's filing of its first amended plan of reorganization under chapter 11, subchapter V of the Bankruptcy Code on November 21, 2025 [Doc 71] (the "First Amended Plan") to propose an increase in the distributions to Class 2 general unsecured creditors, including Mr. Penington, and notwithstanding Debtor's proposal in its *Brief in Support of Confirmation of the Plan* [Doc 77] (the "Brief") to pay all Class 2 general unsecured creditors in full over a

three-year plan period, Mr. Penington has maintained his Objection to confirmation of the Plan as amended by the First Amended Plan and the Brief.

11. On December 9, 2025, Debtor filed a stipulation with creditor M1 Concourse, LLC ("M1") to fix and allow M1's claim in the amount of $85,000 (the "M1 Stipulation").

12. On December 10, 2025, at the date set for confirmation of the Plan, the Bankruptcy Court denied confirmation of the Plan as amended without prejudice and set dates for further proceedings including the setting of the Debtor's deadline to file a further amended plan. Additionally, the court directed the Debtor to seek court approval of the M1 Stipulation through its further amended plan or by motion.

13. A further confirmation hearing together with a hearing on the Conversion Motion was set by the Bankruptcy Court for February 4, 2026.

14. Following the December 10, 2025 confirmation hearing, the Debtor entered into further settlement negotiations with Mr. Penington and M1 and as a result of those negotiations, the Debtor has reached settlement terms with both Mr. Penington and M1 (the "Settlements").

15. Pursuant to the terms of the Settlements, the Debtor has agreed to seek dismissal of this Bankruptcy Case to resolve all outstanding issues in this case and the claims and disputes between Debtor and its creditors, M1 and Mr. Penington respectively.

## REQUEST TO DISMISS

16. Debtor requests that this case be dismissed under section 1112 of the Bankruptcy Code to permit Debtor to complete its obligations under the Settlements.

## LEGAL BASIS FOR DISMISSAL

17. Under section 1112(b) of the Bankruptcy Code, any party in interest may request that the Court dismiss or convert a Chapter 11 case.

18. Upon the filing of a motion to dismiss a case under section 1112(b) of the Bankruptcy Code, the Court shall dismiss or convert the case, whichever is in the best interests of creditors, unless the Court determines that dismissal or conversion is not in the best interests of creditors and the Court makes the findings required under sections 1112(b)(2)(A) and (B) of the Bankruptcy Code.

19. Debtor submits that dismissal is in the best interests of Debtor, Debtor's estate, and all Debtor's creditors, in particular, because, the Debtor's most significant creditors in the Bankruptcy Case have consented to dismissal in connection with the Settlements.

20. Each of the Settlements is contingent on dismissal and as such, dismissal of this Bankruptcy Case will allow the Debtor to complete its obligations under the Settlements.

21. Dismissal will also resolve the Conversion Motion and litigation regarding confirmation of the Debtor's the Plan as to be amended.

22. No other creditors or parties in interest have opposed confirmation of the Plan or the Conversion Motion.

23. Debtor submits that no creditors or parties in interest will be prejudiced by dismissal. Upon dismissal, Debtor will operate its business in the ordinary course, and all Debtor's creditors will have the rights and interests as provided under non-bankruptcy law.

24. The Debtor submits that it will pay all administrative expenses that are awarded by the Bankruptcy Court in due course.

WHEREFORE, Debtor requests that this Court dismiss this Chapter 11 case. A proposed order is attached as **Exhibit 1**.

    Respectfully submitted;

**TAFT STETTINIUS & HOLLISTER, LLP**

By: /s/Kimberly Ross Clayson
Kimberly Ross Clayson (P69804)
Anthony M. Cimini (P86223)
27777 Franklin Road, Suite 2500
Southfield, Michigan 49034
(248) 351-3000
kclayson@taftlaw.com
acimini@taftlaw.com

*Attorneys for Debtor, Ashmark Construction LLC*

Dated: December 19, 2025

**EXHIBIT 1**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:  Case No. 25-46693-tjt

Ashmark Construction, LLC,  Chapter 11, Subchapter V

Debtor.  Hon. Thomas J. Tucker

_____/

# ORDER DISMISSING CHAPTER 11 BANKRUPTCY CASE

THIS MATTER having come before the Court on the *Debtor's Motion to Dismiss Chapter 11 Case* [Doc ___]; Debtor having provided appropriate notice of the Motion and all objections filed, if any, having been voluntarily withdrawn or overruled; the Court having determined that dismissal or conversion is appropriate under 11 U.S.C. § 1112(b) and that, between conversion and dismissal, dismissal is in the best interests of creditors and the estate; and the Court being fully advised in the premises;

IT IS HEREBY ORDERED that this Chapter 11 Bankruptcy Case is dismissed, subject to the terms of this Order.

IT IS FURTHER ORDERED that this Court retains jurisdiction to review and approve all claims for allowance of professional fees incurred after the filing of the Chapter 11 case and before entry of this Order, to the extent final orders have not been entered regarding allowance of professional fees before entry of this Order. In any event, all requests for allowance of professional fees shall be filed no later than

1

30 days from the date of entry of this Order. All allowed claims for professional fees shall be administrative expense claims under 11 U.S.C. § 507(a)(2) and will retain such priority in the event of any subsequent bankruptcy filing, reopening of this case, or subsequent conversion of this case to a case under Chapter 7 of the United States Bankruptcy Code.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:  Case No. 25-46693-tjt

Ashmark Construction, LLC,  Chapter 11, Subchapter V

　　　　　Debtor.  Hon. Thomas J. Tucker

_____/

# NOTICE OF DEBTOR'S MOTION TO DISMISS CHAPTER 11 CASE

Ashmark Construction, LLC ("Debtor"), has filed papers with the Court seeking entry of an order DISMISSING this Chapter 11 case (the "Motion").

**Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)**

If you do not want the court to grant the relief requested in the Motion, or if you want the court to consider your views on the Motion, within 21 days (or such other date as ordered by the Court), you or your attorney must:

    1.    File with the court a written response or an answer,[1] explaining your position at:

        United States Bankruptcy Court
        211 W. Fort Street
        Detroit, MI 48226

If you mail your response to the court for filing, you must mail it early enough so the court will receive it on or before the date stated above. All attorneys are required to file pleadings electronically. You must also mail a copy to:

        Taft Stettinius & Hollister, LLP
        ATTN: Kimberly Ross Clayson
        27777 Franklin Rd. Suite 2500

---

[1] Any response or answer must comply with F. R. Civ. P. 8(b), (c) and (e).

1

Southfield, MI 48034

2. If a response or answer is timely filed and served, the clerk will schedule a hearing on the motion and you will be served with a notice of the date, time and location of the hearing.

**If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the motion or objection and may enter an order granting that relief.**

        Respectfully submitted;

        **TAFT STETTINIUS & HOLLISTER, LLP**

        By: /s/Kimberly Ross Clayson
        Kimberly Ross Clayson (P69804)
        Anthony M. Cimini (P86223)
        27777 Franklin Road, Suite 2500
        Southfield, Michigan 49034
        (248) 351-3000
        kclayson@taftlaw.com
        acimini@taftlaw.com

        *Attorneys for Debtor, Ashmark Construction LLC*

Dated: December 19, 2025