**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION – DETROIT**

IN THE MATTER OF:

ASHMARK CONSTRUCTION, LLC          Case No. 25-46693-tjt
                                                               Honorable Thomas J. Tucker
           Debtor.                          Chapter 11, Subchapter V
_____/

## FIRST AND FINAL FEE APPLICATION OF THE CHAPTER 11 SUBCHAPTER V TRUSTEE FOR ALLOWANCE OF COMPENSATION FOR PROFESSIONAL SERVICES RENDERED FROM JULY 2, 2025, TO PRESENT, AND FOR REIMBURSEMENT OF EXPENSES

Richardo I. Kilpatrick, the Chapter 11 Subchapter V Trustee ("Applicant" or "Trustee") for S&R Equipment Rentals, LLC ("Debtor"), submits this First and Final Fee Application of the Chapter 11 Subchapter V Trustee for Allowance of Compensation for Professional Services Rendered from July 2, 2025, to Present, and for Reimbursement of Expenses (the "Application"). The services rendered by the Applicant have been substantial and Applicant believes an allowance of fees and reimbursement of expenses is appropriate and necessary at this time.

     A.      <u>History of the Case</u>: The Debtor's Chapter 11, Subchapter V case was filed on June 30, 2025. The Chapter 11 Subchapter V Trustee Richardo I. Kilpatrick was appointed July 2, 2025.

     B.      Applicant has acted as Trustee since July 2, 2025.

     C.      The services rendered by the Applicant have been substantial and Applicant believes that an allowance of fees and reimbursement of expenses is appropriate and necessary at this time.

     D.      Applicant is requesting fees pursuant to 11 U.S.C. §§ 330 and 331, and L.B.R. 2016-1 (E.D.M.).

E. Pursuant to L.B.R. 2016-1(a) (E.D.M.) and Fed.R.Bankr.P. 2016(a), Applicant discloses and submits the following information: (A) as of the filing of this Application, no payments have been made or promised to the Applicant for serviced rendered or to be rendered in any capacity whatsoever in connection with this case; (B) the source of compensation to be paid to Applicant are funds from the reorganized Debtor; and (C) Applicant has not received prior compensation and no agreement or understanding exists between Applicant and any other entity for the sharing of past or future compensation.

1(a). <u>Total Amount of Fees Requested</u>: Applicant has accrued fees for professional services in the amount of $14,775.00; however, Applicant has voluntarily reduced the amount of fees sought in this Application to $12,500.00.

1(b). <u>Total Amount of Expenses Requested</u>: Applicant has accrued expenses in the amount of $57.54.          .

1(c). <u>The Balance of Retainer</u>: N/A

2. <u>Time Period For Application</u>: Services were rendered from July 2, 2025, to the Present.

<u>Description of the Debtor</u>: The Debtor is a Michigan Limited Liability Company in good standing. It operates a construction project management service for the build-out of commercial properties with a primary focus on retail locations and professional office spaces. The Debtor is operated by the managing member, Martin Renel.

3. <u>Services Rendered and Benefit Conferred Upon the Estate</u>:

On July 2, 2025, Applicant, Richardo I. Kilpatrick, was appointed as the Chapter 11 Subchapter V Trustee. Immediately after the appointment, Applicant contacted the attorneys for the Debtor, Anthony Cimini, Jr. and Kimberly Clayson ("Mr. Cimini" and "Ms. Clayson" or "Debtor's Counsel") and reviewed the Court's docket. Through these communications and review

of available information, Applicant learned that the Debtor operates Ashmark Construction, LLC, a Michigan Limited Liability Company located in West Bloomfield, Michigan which provides construction project management services for the build-out of commercial properties with a primary focus on retail locations and professional office spaces.

For twenty years, Ashmark was a successful and profitable company, and operated its business free from controversy other than its own customer collection matters. Ashmark filed this case as a result of two litigation matters: (1) a state court judgment, the Penington Judgment, in favor of its former customer, Richard Penington; and (2) pending arbitration litigation with M1 Concourse, LLC.

The Penington Judgment arose from a construction project in which Penington contracted with Ashmark to complete a custom buildout of a car condominium unit at M1. During the project, various disagreements arose between Penington and Ashmark regarding the scope and cost of the project. Following a bench trial, judgment was entered against Ashmark and in Penington's favor in the principal amount of $256,258.06 for amounts the court held were damages for Penington's overpayment on the project plus interest on the overpayments.

The M1 litigation arose from a dispute over the terms of a Master Subcontractor Agreement related to developer fees that M1 alleges Ashmark owes for construction project management services Ashmark performed for certain M1 car condominium owners. Ashmark asserted counterclaims against M1 on unjust enrichment grounds for overpayment of developer fees on its mistaken belief that the agreement was enforceable, and in particular, related to Ashmark's payments to M1 that were made after the agreement, would have expired under its terms if it ever were in effect. M1 has claimed damages against Ashmark in the amount of $283,593.93 and Ashmark has claimed damages against M1 in the amount of $276,056.38.

Ashmark sought bankruptcy protection because it did not have sufficient cash or assets on hand to satisfy the Penington Judgment and to continue to operate its business without material interruption. A bank garnishment posed serious risk of wiping out all of Ashmark's operating cash and would expose its customers to the risk that deposits intended for payment of subcontracted construction services could be swept for a garnishment, which would have deepened Ashmark's insolvency.

After Appointment, Applicant reviewed the Debtor's financials including the Schedules, Statement of Financial Affairs, the financial disclosures required under 11 USC 1187, tax returns, and other financial information which familiarized Applicant with the Debtor's business and its operations.

Applicant attended and participated in the following hearings.

- The Individual Debtor Interview held on July 24, 2025.
- On July 16, 2025, the Initial Scheduling Conference.
- Applicant prepared for and attended the 341 Meeting of Creditors ("341 Meeting") on July 31, 2025.
- Applicant reviewed the Pre-Status Conference Report filed by Debtor on August 13, 2025 (ECF No. 43) and attended the 1188 status conference on August 27, 2025.

On or about September 29, 2025, the Debtor filed its plan of reorganization ("Plan"; ECF No. 49). The plan provided payments to creditors while allowing Ashmark to continue its operations. In response to the plan, objections were filed by the Richard Penington ("Objection to Plan;" ECF No. 60). Applicant spent significant time communicating with Debtor's counsel, exploring alternatives to resolve the Penington objection. Applicant attended and actively participated in the confirmation hearing held on December 10, 2025. It became apparent that

substantial sums would be consumed in litigating confirmation issues. Debtor's counsel pivoted and reviewed all available alternatives including cash infusions by the principals. Applicant worked with Ms. Clayson to resolve the Penington objection. As the negotiations continued, a proposal acceptable to Penington was made and accepted. The terms of the negotiated settlements with Penington and M1 were such that it was unnecessary to incur the expense of continuing this case through confirmation. Premised thereon, a motion to dismiss was filed on December 19, 2025 ("Motion to Dismiss Case"; ECF No. 90). Applicant assisted the Debtor and other parties in the negotiating of a resolution of the pre-petition litigation matters negating the need to continue this case. On January 13, 2026, the Order Dismissing the case was entered by the Court ("Order Dismissing Case"; ECF No. 101).

    4.    <u>Adversary Proceedings</u>: N/A

    5.    <u>Current Status of Case</u>:

        a.    Cash on hand: Unknown

        b.    Summary of receipts and disbursement: N/A

        c.    Unpaid Administrative Expenses: Yes; Present Application for $14,775.00 in Chapter 11 Subchapter V Trustee Fees; Chapter V Trustees Expenses: $57.54.

        d.    Unencumbered funds: Unknown

        e.    Interim distribution: None

        f.    Operating profit or loss: N/A

        g.    Administrative summary: There have been no significant events that have occurred during the Bankruptcy case and Ashmark has no secured creditors with an interest in its cash, therefore Ashmark did not require relief from the court for use of cash collateral,

its employee wages were up to date as of the Petition Date and there have been no outside the ordinary course transactions. The case has been dismissed.

6. <u>Status of Professional Services to be Provided in the Future</u>: Applicant anticipates no further service to this Estate.

7. <u>Accrued Unpaid Administrative Expenses</u>: The current Application includes approximately $14,775.00 in Trustee Fees; however, Applicant has voluntarily reduced the amount of fees sought in this Application to $12,500.00 and $57.54 in Trustee Expenses.

8. <u>Services of More Than One Attorney and Paralegal</u>: There is no such instance within this Application for which such an award is sought.

9. <u>Prior Applications</u>: This is Applicant's First and Final Fee Application.

10. <u>Review of Application and Consent for Fees</u>: The Application was sent to Debtor's Counsel for review prior to filing.

11. Pursuant to L.B.R. 2016-1(a) (E.D.M.), Exhibit 1 – Proposed Order Granting the Application of Chapter 11 Subchapter V Trustee for Allowance of Compensation for Professional Services Rendered from July 2, 2025, to Present, and for Reimbursement of Expenses.

12. Pursuant to L.B.R. 2016-1(a) (E.D.M.), Exhibit 2 – Notice of Appointment and Verified Statement of Subchapter V Trustee.

13. Pursuant to L.B.R. 2016-1(a) (E.D.M.), Exhibit 3 – Not applicable.

14. Pursuant to L.B.R. 2016-1 (E.D.M.), Exhibit 4 - Summary of the number of hours of services rendered by Applicant and the hourly rate.

15. Pursuant to L.B.R. 2016-1 (E.D.M.), Exhibit 5 - Itemized time records in chronological order, of each specific service for which an award of compensation is sought. These time records indicate (i) the date each service was rendered; (ii) identification of who performed

the services; (iii) a description with particularity of the services rendered; and (iv) the time spent performing the service.

16. Pursuant to L.B.R. 2016-1 (E.D.M.), Exhibit 6 - A brief biographical statement of the professional experience of the Trustee.

17. Pursuant to L.B.R. 2016-1 (E.D.M.), Exhibit 7 – Itemized statement of expenses for which a reimbursement is sought.

18. The total time spent by Applicant during the period covered by this Application has been 39.40 hours, which represents fees of $14,775.00 (however, Applicant has voluntarily reduced the amount of fees sought in this Application to $12,500.00). Applicant has also incurred expenses of $57.54, for a total amount owed of $12,557.54.

**WHEREFORE**, Applicant respectfully requests this Honorable Court enter an Order: (i) granting Applicant fees in the voluntarily reduced amount of $12,500.00 for services rendered from July 2, 2025, through the Present, plus expenses in the amount of $57.54, for a total of $12,557.54; (ii) authorizing the Debtor to pay Applicant for services rendered in the voluntarily reduced amount of $12,500.00, plus expenses in the amount of $57.54, for a total of $12,557.54; and (iii) such other and further relief as this Court deems just.

*Respectfully submitted*,

SHERMETA, KILPATRICK & ASSOCIATES, PLLC

By: */s/ Richardo I. Kilpatrick*
RICHARDO I. KILPATRICK (P35275)
Chapter 11 Subchapter V Trustee
1030 Doris Rd, Suite #200
Auburn Hills, MI 48326
(248) 519-1700
ecf@kaalaw.com

Dated: February 9, 2026